UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES "JAMIE" MARSICANO<br><br>        Plaintiff,<br>v.<br><br>SPECIAL AGENT RYAN LONG, individually; SPECIAL AGENT MICHAEL CARTER, individually; GAME WARDEN QUINTIN REED, individually; TROOPER CL. THOMAS, individually; DEPUTY CHIEF JESSICA BRUCE, individually; MAJOR JEFF CANTIN, individually; DEPUTY CHIEF GARY HARPER, individually; JOHN AND JANE DOE'S 1-100, employees, agents, and officers of several Georgia law enforcement agencies; and CITY OF ATLANTA, Georgia municipality,<br><br>        Defendants. | Civil Action No. 1:25-cv-00944-TRJ<br><br>Judge: Tiffany R. Johnson<br><br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S JOINT MOTION FOR STAY OF PROCEEDINGS** |

**COMES NOW**, the Plaintiff, James "Jamie" Marsicano, through undersigned Counsel, jointly with Defendants, before this Court, to file this MEMORANDUM OF LAW in support of PLAINTIFF'S JOINT MOTION FOR STAY OF PROCEEDINGS, requesting that this Court STAY all proceedings of this case until after such time as a final judgment has been issued in each of the following Georgia state cases, against the Plaintiff individually: 1) DeKalb County case D0293186, including any future case number associated with this arrest warrant number; and 2) Fulton County Superior Court case 23SC189192.

In support, Plaintiff shows as follows:

## RELEVANT PROCEDURAL BACKGROUND

On February 24, 2025, Plaintiff properly filed before this Court a Complaint against Defendants. [DE 1]. On March 12, 2025, Ms. Sandy Milord filed Waivers of Service on behalf of Defendants City of Atlanta, Deputy Chief Gary Harper, Deputy Chief Jessica Bruce, and Major Jeff Cantin. [DE 5-8]. On March 26, 2025, Mr. Paul Henefeld filed a Notice of Appearance for Defendants Special Agent Michael Carter, Special Agent Ryan Long, Warden Quinton Reed, and Trooper CL Thomas. [DE 9]. On March 31, 2025, Plaintiff timely filed a Joint Motion for Stay of Proceedings. [DE 10]. This Memorandum of Law accompanies said Motion and is hereby submitted for this Court's consideration in ruling on the Motion.

## STATEMENT OF RELEVANT FACTS

On March 5, 2023, Plaintiff was arrested in Atlanta, Georgia, resulting in the subsequent issuance of an arrest warrant and indictment against Plaintiff. [DE 1 at ¶¶ 71, 84, 106; Ex. A; Ex. B]. The arrest warrant gave rise to DeKalb County case D0293186. The indictment gave rise to Fulton County Superior Court case 23SC189192 (collectively with the DeKalb County case, "Georgia cases").

All Counts of this matter's Complaint revolve around Plaintiff's arrest, arrest warrant, and indictment, as follows:

1. Count I for unlawful seizure and arrest in violation of the Fourth Amendment, 42 U.S.C. § 1983 [DE 1 at ¶¶ 138-150];

2. Count II for First Amendment retaliation, 42 U.S.C. § 1983 [DE 1 at ¶¶ 151-168];

3. Count III for malicious prosecution in violation of the Fourth Amendment, 42 U.S.C. § 1983 [DE 1 at ¶¶ 169-190];

4. Count IV for conspiracy to deprive constitutional rights, 42 U.S.C. § 1983 [DE 1 at ¶¶ 191-204];

5. Count V for deprivation of civil rights by a municipal policy and custom, 42 U.S.C. § 1983 Monell claim [DE 1 at ¶¶ 205-222]; and

6. Count VI for malicious prosecution under O.C.G.A. § 51-7-40, 28 U.S.C. § 1367 supplemental jurisdiction [DE 1 at ¶¶ 223-239].

To meet the two-year statute of limitations of the claims in Counts I, II, IV, and V, Plaintiff filed their Complaint prior to the end of the Georgia cases.

## STANDARD OF REVIEW

"A district court has the discretion to stay civil proceedings pending resolution of criminal matters, to control its docket and manage its cases, and under other circumstances if the interests of justice so require." Rogers v. City of Atlanta, 214 F. Supp. 3d 1314, 1319 (N.D. Ga. 2016) (citations omitted); see also Clinton v. Jones, 520 U.S. 681, 706, 117 S. Ct. 1636 (1997) (recognizing district courts' "broad discretion to stay proceedings as an incident to its power to control its own docket"). Indeed, the Supreme Court has expressly stated that "[i]f a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393-94, 127 S. Ct. 1091, 1098 (2007).

Accordingly, this Court has acknowledged that "it is the issuance of a stay – and not the tolling of an action – that is the appropriate prophylactic device to prevent federal courts from

undercutting state criminal convictions by preordaining in § 1983 actions the constitutionality of arrests or seizures." Watts v. Epps, 475 F. Supp. 2d 1367, 1369 (N.D. Ga. 2007). To determine whether a stay should be granted in light of pending criminal proceedings, this Court has recognized that six factors must be weighed:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

S.W. v. Clayton Cty. Pub. Sch., 185 F. Supp. 3d 1366, 1371 (N.D. Ga. 2016).

## ARGUMENT AND CITATIONS TO AUTHORITY

Pursuant to the aforementioned standard of review, in a similar pending 42 U.S.C. § 1983 case before this Court that involves the same pending Fulton County case as Plaintiff's, this Court granted the plaintiff's Joint Motion to Stay. Hannah Kass v. Lt. Ramirez et al., 1:24-cv-02095-TRJ at DE 23 (N.D. Ga.). Similar to that case, all factors here weigh in favor of this Court issuing a stay of proceedings until the end of the Georgia cases.

**I.    The Georgia cases, one of them indicted, entirely overlap with all Counts in Plaintiff's Complaint, heavily weighing in favor of a stay.**

"The overlap between the issues in the criminal and civil cases is of paramount importance because absent overlap, there is no need for a stay." S.W., 185 F. Supp. 3d at 1372. In simple terms, all Counts in the Complaint stem from and are intertwined with the merits of the Georgia cases. A key issue in the Georgia cases is whether there was sufficient probable cause for Plaintiff's warrantless arrest, which is a controlling issue for claims in Counts I, II, and IV.

Likewise, the final outcome of the Georgia cases are central to the viability of claims in Counts III, IV, and VI. This factor, which is the most important one, heavily weighs in favor of a stay.

II. **Proceeding while the Georgia cases are pending would be highly prejudicial to Plaintiff, while Defendants would suffer little to no prejudice from a stay.**

Whether the Georgia cases end favorably in favor of Plaintiff is a dispositive issue for Counts III, IV, and VI. If these proceedings moved forward, it would be impossible for Plaintiff to establish this element, which is dependent on the termination of the Georgia cases, a situation beyond Plaintiff's control. Moreover, exposing Plaintiff to civil discovery while the criminal cases are pending would threaten Plaintiff's constitutional rights, particularly their right against self-incrimination and to a fair trial. Furthermore, Plaintiff could not wait for the termination of the Georgia cases before making claims under Counts I, II, IV, or V, because the statute of limitations under 42 U.S.C. § 1983 would have expired first. As explained by case law, the proper method for this Court to prevent all this prejudice to Plaintiff would be to stay this matter.

On the other hand, Defendants would suffer little to no prejudice from a stay. Although they have an interest in promptly resolving civil litigation, pausing these civil proceedings would not prejudice them; their legal position and interests would remain unaffected. Moreover, a stay would benefit Defendants: if the Georgia cases end unfavorably against Plaintiff, most of the claims become moot, dispensing the need of further action from Defendants in this matter. Indeed, allowing these claims to move forward would place Defendants in a difficult situation, since many of them are also State witnesses in the Georgia cases against Plaintiff.

**III.     Ordering a stay would advance judicial economy and efficiency, in alignment with the interests of the public on the underlying facts.**

As mentioned, given the intersection between the Georgia cases and the claims in this matter, the outcome of the former will invariably affect the latter. If this proceeding were to move forward while the Georgia cases remain pending, this Court will face a large amount of logistical obstacles throughout discovery, against judicial economy. Without a stay, both parties will understandably want to protect their rights and interests, directly at stake in the Georgia cases, resulting in inevitable objections and motions related to discovery (e.g., motions for protective orders, objections to subpoenas and discovery requests, litigation on constitutional protections to the parties). Moreover, Plaintiff and Defendants may become unavailable as the Georgia cases move forward, creating reasonable, but repetitive, requests for continuances and shifts in scheduling orders. This Court's management of this civil case, largely dependent on a 61-person RICO indictment in Fulton County, would quickly become inefficient as that case evolves. Furthermore, and crucially, the disposition of the Georgia cases is controlling for most counts in this case. Hence, this Court would materially advance its judicial efficiency and economy by allowing controlling issues to be resolved in the separate proceedings. In sum, allowing the Georgia cases to continue independently while staying this case will result in less pending issues in this matter once it's time for it to move forward.

Finally, the public interest would be best served by staying this case, because the Plaintiff's prosecution, as well as the State's case, would be likely impacted by both parties facing civil discovery. If this matter were to proceed concurrently with the Georgia cases, there would be a direct negative impact to the interests of the pubic in Fulton and DeKalb County.

## CONCLUSION

**WHEREFORE**, based on the foregoing, because all factors weigh in favor of a stay, Plaintiff prays that this Court GRANT their JOINT MOTION FOR STAY OF PROCEEDINGS, entering an ORDER that this matter be STAYED until the Georgia cases, individually against Plaintiff, end, with instructions that Defendants have 45 DAYS after the stay is lifted to serve their responsive pleadings.

DATED, this 31st day of March, 2025.

/s/ Xavier Torres de Janon
Xavier T. de Janon
Attorney for Plaintiff
*Pro Hac Vice*
North Carolina Bar #58803
P.O. Box 5382
Charlotte, North Carolina 28299
Tel: (704) 448-9170
E-mail: xavier@dejanon.co

# CERTIFICATE OF SERVICE

I hereby certify that <u>PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S JOINT MOTION FOR STAY OF PROCEEDINGS</u>, was filed and served on all the parties via the CM/ECF system and/or email to counsel of record as set out below:

**<u>ATTORNEY FOR DEFENDANTS RYAN LONG, MICHAEL CARTER, QUINTIN REED, AND CL. THOMAS:</u>**

Paul Henefeld
Henefeld & Green, P.C.
3017 Bolling Way NE
Suite 129
Atlanta, GA 30305
Tel.: (678) 856-3512
E-mail: PHenefeld@HenefeldGreen.com

**<u>ATTORNEY FOR DEFENDANTS JESSICA BRUCE, JEFF CANTIN, GARY HARPER, AND CITY OF ATLANTA:</u>**

Sandy Milord
Department of Law
City of Atlanta
55 Trinity Avenue, SW, Suite 5000
Atlanta, GA 30303
Tel.: (404) 546-4146
E-mail: smilord@atlantaga.gov

DATED, this 31st day of March, 2025.

/s/ Xavier Torres de Janon
Xavier T. de Janon
*Attorney for Plaintiff*
P.O. Box 5382
Charlotte, North Carolina 28299
Tel: (704) 448-9170
E-mail: xavier@dejanon.co